# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SMYTHE,<br>Plaintiff,<br>v.<br>BAILEY, *et al.*,<br>Defendants. | Case No. 1:25-cv-01624-JLT-BAM (PC)<br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br>(ECF No. 17)<br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Robert Smythe ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 27, 2026, the Court screened Plaintiff's complaint and granted him leave to file a first amended complaint. (ECF No. 14.) Plaintiff's first amended complaint, filed on July 15, 2026, is currently before the Court for screening. (ECF No. 17.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Valley State Prison, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) D. Gamble, Correctional Officer; and (2) K. Saldana, Correctional Officer.

Plaintiff asserts an Eighth Amendment claim for excessive force by prison guards and improper restraint while being escorted as an ADA prisoner with health issues. Plaintiff alleges: Defendant K. Saldana is one of the primary defendants that acted alongside Defendant Gamble, who threatened Plaintiff by using physical force and assaulted Plaintiff by throwing him to the ground face first with his hands improperly restrained behind his back, causing severe bodily injuries to Plaintiff's nose, neck, back, mouth, and knees. Defendant K. Saldana was in violation of the Americans with Disabilities Act ("ADA") by his failure to take proper steps in securing Plaintiff's "rights to be free from unnecessary unwanton infliction of pain and suffring at the hands of another." (ECF No. 17 at 4 (unedited text).) Defendants Gamble and Saldana "should have known, are been aware of plaintiff (ADA), special cuffing procedures needed to secure and known – (ADA) custom when it comes to escorting (ADA) IP's with health conditions." (*Id.*)

Plaintiff further alleges that Defendant Gamble "is being sued in his individual capacity while acting at all times mention under the color of state law by not – securing plaintiff rights under (American With Disability Act), relating to (CCR Title 15) special cuffing procedures for IP's with disabilities (ADA)." (ECF No. 17 at 4.) Similarly, Plaintiff alleges Defendant K. Saldana "is being sued in his individual capacity while acting at all times mention under color of state laws by not securing plaintiff rights under (American With Disability Act) (ADA) relating to (CCR Title 15) special cuffing procedures for (IP) ADA individuals with [disabilities]." (*Id.*)

As relief, Plaintiff seeks compensatory and punitive damages.

## III. Discussion

### A. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison

officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Plaintiff's amended complaint fails to state a cognizable claim for excessive force. As with his original complaint, Plaintiff does not allege the circumstances surrounding the use of force. Plaintiff alleges that on June 1, 2024, defendants threw him down to ground while his hands were restrained behind his back, causing injury. (*See* ECF No. 17 at 4-5.) However, Plaintiff's allegations regarding the use of excessive force are contradicted by the attachments to the signed complaint filed on December 22, 2025. (*See* ECF No. 9.) According to a Medical Report of Injury or Unusual Occurrence regarding the alleged use of force on 6/1/24 at 0745, Plaintiff reportedly stated, "I fell on my face." (ECF No. 9 at 18.) And, in the Medical Report of Injury or Unusual Occurrence regarding the alleged use of force on 6/1/24 at 0745, Saldana otherwise reported that Plaintiff "threw himself on the ground." (*Id.* at 19).

**B. Americans with Disabilities Act**

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id.* § 12131(2).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either

excluded from participation in or denied the benefits by the public entity, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *Simmons v. Navajo County, Ariz,* 609 F.3d 1011, 1021 (9th Cir. 2010); *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

Plaintiff does not state a viable claim under the ADA. Plaintiff does not allege facts that show he was excluded from participation in, or denied the benefits of, any service or programs offered by the prison because of his disability, or that he was subjected to any type of discrimination by reason of his disability. Additionally, to the extent Plaintiff sues the defendants in their individual capacities, he may not "bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

**C. Title 15 and Policy Violations**

To the extent defendants are alleged to have failed to comply with Title 15 or applicable prison regulations/policies, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, *e.g.*, *Nible v. Fink*, 828 F. App'x. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (explaining all section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *4 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation

adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

**IV. Conclusion and Recommendation**

For the reasons stated, Plaintiff's amended complaint fails to state a cognizable claim upon which relief can be granted. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 21, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE